**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LONETTA SANDERS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX,<br><br>    Defendant. | No. CV06-1644-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendant City of Phoenix. (Dkt. # 36.) Plaintiff Lonetta Sanders filed a response. (Dkt. # 39.) Defendant replied. (Dkt. # 46.) For the reasons set forth below, the Court grants Defendant's motion in part and denies Defendant's motion in part.

## BACKGROUND

Plaintiff Lonetta Sanders is an African-American woman and a former employee of Defendant City of Phoenix ("the City"). Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 24, 2004, alleging that the City violated Title VII as it related to her employment. (Dkt. # 39, Ex. 1.) The EEOC issued Plaintiff a Notice of Right to Sue on April 14, 2006. (Dkt. # 34, ¶ 13.) As is customary, the Notice states: "If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice." (*Id.* at Ex. E.)

On June 29, 2006, Plaintiff filed her initial complaint against the City asserting claims of race discrimination and retaliation under Title VII. (Dkt. # 1.) In her initial complaint, which was never properly served on the City, Plaintiff failed to adequately plead the factual basis for her Title VII claims. (*See id.*) The "Facts" section of the initial complaint contained only one paragraph stating that "Plaintiff was formerly employed by the City of Phoenix." (*Id.* ¶ 8.) The only other factual allegations in the initial complaint which describe the underlying conduct include an allegation that she "complained of discrimination" at some point (*Id.* ¶¶ 16, 18), and that the City failed "to select/promote Plaintiff to the position GS9 . . . on account of her race"[1] (*Id.* at 2(a)). The remainder of the initial complaint is comprised of a recitation of the elements of a race discrimination claim and a retaliation claim with the assertion that the elements of such claims are met in her case despite any factual allegation as to how those elements are met. (*See id.* ¶¶ 2-3, 5, 10-14, 16-25.)

Plaintiff filed her First Amended Complaint on October 26, 2006. (Dkt. # 2.) The City moved to dismiss the First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim under Rule 12(b)(6). (Dkt. # 4.) On July 11, 2007, the Court granted the City's motion to dismiss with leave for Plaintiff to re-plead. (Dkt. # 12.) Following the dismissal of Plaintiff's First Amended Complaint, Plaintiff filed her Second Amended Complaint on August 24, 2007. (Dkt. # 13.) Plaintiff's Second Amended Complaint asserted claims for sex and race discrimination under Title VII, race discrimination under 42 U.S.C. §§ 1981 and 1983, violations of HIPPA, violations of union representation/breach of collective bargaining agreement, negligent supervision, and

---

[1] Even though Plaintiff appears to assert a disparate treatment claim on the basis of the City's failure to promote Plaintiff to the position of GS9, Plaintiff has dropped this allegation and claim from her Third Amended Complaint. "It has long been the rule of this [C]ircuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (citing cases). This rule applies to *pro se* litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London* and stating that "[p]ro se litigants must follow the same rules of procedure that govern other litigants").

1  retaliation. (*Id.* at 1-2, 18-26.) The City again moved to dismiss the Complaint for failure
2  to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim under Rule
3  12(b)(6). (Dkt. # 16.) On April 10, 2008, the Court again granted the City's motion,
4  dismissing with prejudice Plaintiff's HIPPA, violation of union representation/breach of
5  collective bargaining agreement, and negligent supervision claims, and dismissing Plaintiff's
6  Title VII, § 1981, and § 1983 claims with leave to re-plead. (Dkt. # 22.) The Court
7  cautioned Plaintiff that "[t]his [was] the final opportunity to amend her claims." (*Id.* at 11.)
8  Plaintiff filed her Third Amended Complaint on May 9, 2008. (Dkt. # 34.) Plaintiff's Third
9  Amended Complaint asserts claims for sex and race discrimination under Title VII, hostile
10 work environment/harassment under Title VII, race discrimination under 42 U.S.C. §§ 1981
11 and 1983, and retaliation under Title VII. (*Id.* at 3-17.) On May 27, 2008, the City once
12 again moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 36.)
13 As part of its motion, Defendant sought dismissal of Plaintiff's § 1983 claim. Plaintiff
14 expressly abandoned this claim in her response to Defendant's motion. (Dkt. # 39, at 12.)
15 Therefore, Plaintiff's § 1983 claim is dismissed.

**DISCUSSION**

Defendant argues: (1) Plaintiff's gender-based Title VII claims and race-based hostile work environment claim must be dismissed for failure to comply with the ninety-day statute of limitations found in 42 U.S.C. § 2000e-5(f)(1); (2) Plaintiff's disparate treatment and retaliation claims under Title VII must be dismissed for failure to comply with the 300 day statute of limitations found in 42 U.S.C. § 2000e-5(e); and (3) any remaining claims are subject to dismissal for failure to state claims upon which relief can be granted. The Court will address each of Defendant's arguments.

**I.    42 U.S.C. § 2000e-5(f)(1) – Statute of Limitations for Filing Civil Suit**

Defendant first argues that Plaintiff's gender-based Title VII claims and race-based hostile work environment/harassment claim are barred by 42 U.S.C. § 2000e-5(f)(1). (Dkt. # 36, at 3.) A Title VII claimant may file suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue-letter. *See* 42 U.S.C. §§ 2000e-5(e),

- 3 -

1 (f). Such a suit must be commenced not more than ninety days after receipt of the right-to-
2 sue-letter. *See* 42 U.S.C. § 2000e-5(f)(1). Here, Plaintiff received her right-to-sue-letter on
3 April 14, 2006, which provided explicit warning of the ninety-day limitations period.
4 Plaintiff's original complaint, filed on June 29, 2006, fell within the ninety-day statute of
5 limitations period.

6 In the original complaint, Plaintiff's claims against the Defendant are based on race
7 discrimination and retaliation. (*See* Dkt. 1, at 1 (stating in the "Nature of the Case" section
8 that, "[t]his action seeks . . . relief from discrimination in employment against the plaintiff,
9 on account of race"); *id.* at 2 (stating under "Claims" section that the suit involved "Race
10 Discrimination in Violation of Title VII" and stating that "Defendant has discriminated
11 against Plaintiff on account of her race"); *id.* (stating that "Defendant has retaliated against
12 plaintiff on the basis of her having complained of discrimination")). The original complaint,
13 however, is essentially void of a factual basis for either Plaintiff's race discrimination or
14 retaliation claim. (*See id.*)

15 On October 26, 2006, over three months after the applicable ninety-day statute of
16 limitations period had expired, Plaintiff filed her First Amended Complaint. (Dkt. # 3.)
17 There, Plaintiff first attempted to assert gender-based discrimination claims. On August 24,
18 2007, over thirteen months past the expiration of the limitations period, Plaintiff filed her
19 Second Amended Complaint. (Dkt. # 13.)  Finally, on May 9, 2008, nearly two years after
20 the limitations period had expired, Plaintiff filed her Third Amended Complaint. (Dkt. # 34.)
21 In the Third Amended Complaint, Plaintiff asserts a race-based hostile work
22 environment/harassment claim and multiple gender-based claims under Title VII. (*See* Dkt.
23 # 34, at 3-10.)

24 Defendant argues that Plaintiff's Title VII race-based hostile work environment claim
25 and gender-based Title VII claims are barred because they were not asserted in the ninety-
26 day limitations period. (Dkt. # 36, at 3.)  In response, Plaintiff argues that Federal Rule of
27 Civil Procedure 15(c) allows her to overcome the statute of limitations issue. (Dkt. # 39, at
28 11.)  That rule allows a Title VII plaintiff to amend her timely filed complaint to add a claim

- 4 -

or defense when that claim or defense "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c); *see also Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (holding that an amended complaint alleging violations of federal anti-discrimination law related back to the filing date of the plaintiff's original complaint, which alleged violations of a state anti-discrimination statute based upon the same facts and conduct). When faced with this issue, the Ninth Circuit explained that a "district court should [] analyze[] the two pleadings to determine whether they share a common core of operative facts sufficient to impart fair notice of the . . . conduct called into question." *Martell v. Trilogy Ltd.*, 872 F.2d 332, 327 (9th Cir. 1989). A new claim can be linked to a timely pleading when it "will likely be proved by the 'same kind of evidence' offered in support of the original pleadings." *Dominguez v. Miller*, 51 F.3d 1502, 1510 (9th Cir. 1995) (quoting *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966)).

In support of applying the relation-back principle to this case, Plaintiff cites to *Jones v. Greenspan*, 445 F. Supp. 2d 53, 55 (D.D.C. 2006), where a district court applied Rule 15(c) to allow the relation back of age and gender discrimination claims to an original complaint that only alleged retaliation as a cause of action. The court based its ruling on the conclusion that the age and gender discrimination claims and the retaliation claim are "part of a common core of operative facts" that were, at least, *partially set forth in the original pleading*. *Id.* at 56-57. Specifically, the original complaint explicitly mentioned that EEOC charges were filed raising "claims of age discrimination [and] gender discrimination." *Id.* at 57. Consequently, the court found that the original complaint "contain[ed] numerous references to the alleged discriminatory activity and put the defendant on notice of potential discrimination claims." *Id.* at 57. The Court will apply these principles to the claims at issue here.

**A.    Gender-Based Title VII Claims**

Even viewed in the light most favorable to Plaintiff, keeping in mind that she was *pro se* at the time, Plaintiff's original pleading does not even hint at allegations of gender-based misconduct, nor does it contain any factual assertions of conduct upon which the Court could tie these claims. *Compare Price v. Jefferson County*, 470 F. Supp. 2d 665, 682 (E.D. Tex. 2006) (holding that the relation-back rule applied to plaintiff's § 1983 claim because the § 1983 claim "clearly arose out of the conduct, transaction, or occurrence set forth in [plaintiff's] original petition"), *and Sipfle v. Cortland Country Club, Inc.*, No. 04-CV-565, 2006 WL 4701543, at *2 (N.D.N.Y. Nov. 1, 2006) (holding that the relation-back rule applied to plaintiff's Title VII claims because "plaintiff assert[ed] the same operative facts" in her original pleading and amended pleading), *with King v. City of Chicago*, No. 04-CV-7796, 2006 WL 1120447, at *2 (N.D. Ill. April 26, 2006) (holding that because "the original complaint [was] devoid of even a hint that [plaintiff's] claims involved retaliation based on politics," the relation-back rule could not save a subsequently plead political retaliation claim), *and Zakutansky v. Bionetics Corp.*, 806 F. Supp. 1362, 1366 (N.D. Ill. 1992) (holding that the relation-back principle did not apply to a retaliation claim appearing in an amended complaint filed after the 90 day statute of limitations had run because the original complaint "said *nothing* to suggest that [the plaintiff] was the victim of a retaliatory discharge").

Unlike *Jones*, where Rule 15(c) saved age and gender discrimination claims because the operative facts were "partially set forth in the original pleading," here Plaintiff's initial Complaint clearly only attempts to plead race discrimination and retaliation without any factual support that could also serve as operative facts in subsequently plead gender discrimination claims. The deficiencies in Plaintiff's initial complaint prevented the City from acquiring "fair notice of the . . . conduct called into question" in Plaintiff's subsequent pleadings. *Martell*, 872 F.2d at 327.

Plaintiff argues that "[i]n the case at bar, race, sex, national origin and harassment were in the initial charge and the second charge [filed with the EEOC]." (Dkt. # 39, at 11.) Plaintiff's argument extends Rule 15(c) too far. There is no authority suggesting that Rule 15(c) would permit a plaintiff to amend her complaint to add a claim or defense when that

claim or defense "arose out of the conduct, transaction, or occurrence set out" in the EEOC charges. Even if Plaintiff's EEOC complaints did contain gender-based claims, the ninety-day limitations period would still require those claims to be plead within the statutory period as they were clearly available to Plaintiff to plead. This could be accomplished by explicitly asserting those claims within the ninety days or by a proper application of Rule 15(c). Proper application of Rule 15(c) would only allow Plaintiff's gender-based to relate back if they "[arise] out of the conduct . . . set out – or attempted to be set out – *in the original pleading*. Fed. R. Civ. P. 15(c) (emphasis added).

Because gender-based misconduct and race-based misconduct are two distinct behaviors, and given Plaintiff's deficiency in pleading the factual basis of the claims in her original complaint, the Court cannot find any basis for application of Rule 15(c) to Plaintiff's Title VII gender-based claims. Rather than merely adding a new legal theory based on any of the operative facts necessary to support a race discrimination or retaliation claim, Plaintiff's Third Amended Complaint introduces significant new factual allegations that fundamentally change the nature of the claims, both factually and legally. Therefore, Plaintiff's gender-based claims are dismissed for failure to comply with the ninety-day limitations period.

**B.     Race-Based Hostile Work Environment/Harassment Claim**

On the other hand, viewed in the light most favorable to Plaintiff, and keeping in mind that she was *pro se* at the time, Plaintiff's original pleading did *attempt* to set forth Title VII race-based discrimination claims against the City. The original pleading explicitly asserted that Plaintiff was seeking relief from "discrimination in employment . . . on account of her race." (Dkt. # 1, ¶ 3.) Because Rule 15(c) permits application of the relation-back principle when newly asserted claims "[arise] out of the conduct . . . set out – *or attempted to be set out* – in the original pleading," Fed. R. Civ. P. 15(c) (emphasis added), the Court finds that Plaintiff's race-based hostile work environment claim, which is a type of race discrimination, may be based on the conduct attempted to be set forth in the initial pleading.

1    The Court therefore holds that, after careful analysis of the two pleadings, Plaintiff's
2 race-based hostile work environment claim relates back to Plaintiff's original pleading and
3 should not be dismissed for failure to comply with the ninety-day limitations period.

4 **II.    42 U.S.C. § 2000e-5(e) – Statute of Limitations for Filing EEOC Charges**

5    Defendant argues that any remaining Title VII claims (race-based hostile work
6 environment, race-based disparate treatment, and retaliation) are barred if they are predicated
7 on conduct which occurred more than 300 days before Plaintiff filed her EEOC charges. The
8 Court agrees, and therefore these claims would be barred to the extent that they are based on
9 conduct occurring prior to March 3, 2004.  However, Plaintiff's race-based hostile work
10 environment claim "will not be time barred so long as all acts which constitute the claim are
11 part of the same unlawful employment practice and at least one act falls within the [300-day]
12 time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

13    Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice"
14 to discriminate "against any individual with respect to his compensation . . . because of such
15 individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The
16 Supreme Court had held that the term "practice" applies "to a discrete act or single
17 'occurrence,' even when it has a connection to other acts." *Morgan*, 536 U.S. at 111. An
18 individual wishing to challenge an employment practice under Title VII must first file a
19 charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). Charges must be filed within a specified
20 period "after the alleged unlawful employment practice occurred." *Id.* If the employee does
21 not submit a timely EEOC charge, the employee may not challenge that practice in court. 42
22 U.S.C. § 2000e-5(f)(1). In Arizona, the federal EEOC charge must generally be filed no later
23 than 300 days following the occurrence of the discriminatory act. *See id.*; *Morgan*, 536 U.S.
24 at 122 ( "[A] Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts
25 must file his charge within the appropriate time period – 180 or 300 days – set forth in 42
26 U.S.C. § 2000e-5(e)(1)."). It is undisputed that Plaintiff sent her EEOC complaint on
27 December 28, 2004, and it was received on January 5, 2005. Taking the earlier of these dates
28 as the filing date, the 300 day limitations period would prevent Plaintiff from asserting

- 8 -

1  discrete discrimination or retaliation claims based on conduct prior to March 3, 2004. Here,
2  Plaintiff's Third Amended Complaint contains allegations of both discrete discriminatory
3  acts and several allegations of retaliatory acts.

4  It is unclear to the Court whether Plaintiff intended to assert retaliation claims in her
5  Third Amended Complaint. Defendant argues that "it appears that Plaintiff's retaliation
6  claim is premised on her disagreement with the way in which an investigation was conducted
7  and the City's failure to satisfactorily respond to her public records request." (Dkt. # 36, at
8  6.) On April 10, 2008, the Court held, "As a matter of law, Plaintiff's allegations concerning
9  the City's denial of her public records request and alleged failure to adequately investigate
10 Plaintiff's EEOC charge do not rise to the level of an 'adverse employment action.'" (Dkt.
11 # 22, at 8.) Therefore, insofar as the Third Amended Complaint asserts similar retaliation
12 claims, they are dismissed pursuant to the Court's Oder on April 10, 2008. Having reviewed
13 Plaintiff's Third Amended Complaint with care, the Court notes that Plaintiff may be
14 attempting to assert retaliation claims in paragraph 37 ("Pinuelas' discrete cover-up
15 encouraged Det. Freud to retaliate against Plaintiff by later filing a grievance and making
16 false allegations.") and paragraphs 45-47 ("Sgt. Pinuelas retaliated against Plaintiff by
17 conspiring and campaigning with other police employees . . . ."). However, in both
18 circumstances, the alleged retaliatory conduct occurred prior to March 3, 2004.[2] Thus,

---

[2]In paragraph 47, Plaintiff alleges that the retaliation continued "during the period of 2003-2004." (Dkt. # 34.) Even if Plaintiff could show that some of this conduct occurred after March 3, 2004, the claim would still be properly dismissed. To show a *prima facie* case of retaliation under Title VII, 42 U.S.C. § 2000e-3, Plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). The retaliation complained of in paragraph 47 resulted because "Sgt. Pinuelas became fully aware of the misconduct allegation [by McMichael-Gobar] in Plaintiff's supervisory notes regarding him." (Dkt. # 34, ¶ 46.) The fact that Plaintiff had documented the existence of a third-party complaint against another officer, and even encouraged her superiors to investigate the complaint, is not a protected activity for purposes of a Title VII retaliation claim. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000); *Vasquez v. County of Los Angeles,* 349 F.3d 634, 651 (9th Cir. 2003). Thus, the first element of a retaliation claim is not met.

1  insofar as Plaintiff is attempting to assert retaliation claims predicated on such conduct, they
2  are barred.
3       Similarly, any acts supporting a claim of intentional discrimination based on disparate
4  treatment under Title VII must have also occurred after March 3, 2004.  Plaintiff's Third
5  Amended Complaint is laden with allegations of discrimination that occurred over the course
6  of several years.  To the extent that Plaintiff seeks to assert Title VII claims predicated on
7  discrete acts occurring prior to March 3, 2004, they are barred and dismissed.  In a section
8  entitled "Disparate Treatment by Supervisors," Plaintiff alleges disparate treatment in three
9  specific contexts.  First, Plaintiff alleges she was "disparately treated" in regard to
10 misconduct investigations which occurred in 2002. (*See* Dkt. # 34, ¶¶ 33, 67.) Because this
11 conduct occurred before March 3, 2004, a disparate treatment claim predicated upon it is
12 barred.
13      Second, Plaintiff alleges that "the City of Phoenix discriminated against Plaintiff by
14 failing to investigate her [EEOC] discrimination charges." (*Id.* at ¶68-71.)  Third, Plaintiff
15 alleges that "Defendant City discriminated against Plaintiff by denying her Records request,
16 and did not treat her in the same manner as other Police employees."   (*Id.* at 72-76.)
17 Plaintiff's second and third bases for disparate treatment have already been addressed by the
18 Court.  Though the conduct underlying these claims is not precluded as a basis for a cause
19 of action under the 300-day limitations period, the Court previously held that, "Plaintiff's
20 allegations concerning the City's denial of her public records request and alleged failure to
21 adequately investigate Plaintiff's EEOC charge do not rise to the level of an 'adverse
22 employment action.'" (Dkt. # 22, at 8.)  Because disparate treatment claims require an
23 adverse employment action, these claims are once again dismissed. *See Villiarimo*, 281 F.3d
24 at 1062 (holding that a *prima facie* case of disparate treatment involves showing that the
25 employee "was subjected to an adverse employment action").  Accordingly, Plaintiff's
26 retaliation and race-based disparate treatment claims are dismissed.
27      Plaintiff's race-based hostile work environment claim, however, "will not be time
28 barred so long as all acts which constitute the claim are part of the same unlawful

- 10 -

employment practice and at least one act falls within the [300-day] time period." *Morgan*, 536 U.S. at 122. Therefore, if Plaintiff's Third Amended Complaint properly survives dismissal under Rule 12(b)(6), and it is plausible that one act occurred after March 3, 2004, then dismissal is not proper.

**III.     Federal Rule of Civil Procedure 12(b)(6)**

In order to survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Although "a complaint need not contain detailed factual allegations," *Clemens*, 534 F.3d at 1022, the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### A. Hostile Work Environment/Harassment Claims

In her Third Amended Complaint, Plaintiff alleges that the conditions of her employment were altered "because of [a] hostile and abusive work environment." (Dkt. # 34, ¶17.)  This legal conclusion must be supported by factual allegations sufficient to state a cognizable claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To establish a Title VII hostile work environment claim based on race, a plaintiff must establish that "(1) she was 'subjected to verbal or physical conduct,' because of race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive work environment.'" *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002)).  To establish a hostile work environment claim, a plaintiff must show that the workplace was "permeated with 'discriminatory intimidation, ridicule, and insult . . . .'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  Whether a work environment is sufficiently hostile or abusive depends upon "'all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001) (quoting *Harris*, 510 U.S. at 23)).

Plaintiff alleges that "employees . . . demonstrated on a persistent and consistent basis inappropriate and unreasonable behavior that was insulting, threatening, intimidating, disregarded her integrity, and continuous discriminating acts toward Plaintiff that caused her injury and harm . . . ."   (Dkt. # 34, ¶17.)  She alleges that "[i]nsulting racist . . . remarks permeated throughout the City of Phoenix Police Department."  (*Id.* ¶ 21.)

Defendant City asserts that these factual allegations are mere conclusions that lack the specificity required by *Twombly*.   (Dkt. # 36, at 2.)  But *Twombly* made clear that Federal Rule of Civil Procedure 8 does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  127 S. Ct. at 1974; *see*

1 *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Additionally, this Court must assume that
2 all general allegations "embrace whatever specific facts might be necessary to support them."
3 *Peloza*, 37 F.3d at 521.

4 Accepting Plaintiff's factual allegations as true, and construing them in the light most
5 favorable to her, *see Johnson*, 534 F.3d at 1122, the Court finds that Plaintiff has stated a
6 plausible hostile work environment claim on the basis of race. She has identified conduct
7 giving rise to a workplace which was plausibly "permeated with discriminatory intimidation,
8 ridicule, and insult . . . ." *Harris*, 510 U.S. at 21. She has alleged that the conduct occurred
9 because she was black. (*See, e.g.*, Dkt. # 34, ¶ 14.) These factual allegations "'give [the
10 City] fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 127
11 S. Ct. at 2200 (citations and alterations omitted). Rule 8 does not require more. *See id.*;
12 *Johnson*, 534 F.3d at 1123-24. The City's "concerns about specificity in [the] complaint
13 [can be] handled by the array of discovery devices available to [them]," *Skaff v. Meridien*
14 *N. Am. Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007), and any insufficiency of
15 evidence may be handled at the summary judgment stage. This also applies to the 300-day
16 limitations period. Because Plaintiff's Third Amended Complaint alleged a variety of acts
17 which could plausibly have occurred after March 3, 2004, the race-based hostile work
18 environment claim cannot be dismissed at this stage. Should Plaintiff fail to discover and/or
19 present evidence which satisfies the standard set forth in *Morgan*, the 300-day limitations
20 period may also bar Plaintiff's race-based hostile work environment claim.

22 **B.    42 U.S.C. § 1981**

23 Plaintiff asserts a claim for race discrimination in violation of § 1981. Section 1981
24 "guarantees 'all persons' the right to 'make and enforce contracts.'" *Johnson v. Riverside*
25 *Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(a)).
26 "This right includes the right to the 'enjoyment of all benefits, privileges, terms, and
27 conditions of the contractual relationship[.]'" *Id.* (quoting 42 U.S.C. § 1981(b)). In this
28 Circuit, hostile work environment claims are cognizable under § 1981. *Manatt*, 339 F.3d at

- 13 -

797. "A plaintiff must meet the same standards in proving a § 1981 claim that he must meet in establishing a . . . claim under Title VII." *EEOC v. Inland Marine Indus.*, 729 F.2d 1229, 1233 n.7 (9th Cir. 1984). Accordingly, because Plaintiff's race-based hostile work environment claim survives, so too does Plaintiff's § 1981 claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's race-based hostile work environment claim and § 1981 claim.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED WITH PREJUDICE** as to Plaintiff's gender-based claims, disparate treatment claims, retaliation claims and § 1983 claims.

DATED this 24th day of November, 2008.

G. Murray Snow
United States District Judge