**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LONETTA SANDERS, | No. CV-06-1644-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| CITY OF PHOENIX, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss (Dkt. # 76), filed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following Reasons, the Court denies the Motion.

**DISCUSSION**

**I.     Defendant's Motion to Dismiss is Denied.**

In its Motion to Dismiss, Defendant City of Phoenix ("Defendant") argues that Plaintiff Lonetta Sanders ("Plaintiff") has failed to properly allege a claim under 42 U.S.C. § 1981. (Dkt. # 76 at 4-8.) Here, Defendant argues that Plaintiff only adds conclusory allegations in her Fifth Amended Complaint ("FAC") that are insufficient to survive a motion to dismiss. (*Id.*) The Court, however, finds that Plaintiff has alleged sufficient facts to assert her § 1981 claim.

Under § 1981, liability cannot be premised on a respondeat superior theory. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214-15 (9th Cir. 1996). Instead,

1   as with claims under 42 U.S.C. § 1983, Defendant may be held liable for § 1981 claims only
2   if Plaintiff alleges and proves that her injury resulted from a municipal policy, practice, or
3   custom. *Id.*; *see also Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).
4   To determine whether there is a particular custom of practice, the critical inquiry is whether
5   it is "so well settled and widespread that the policymaking officials of the municipality can
6   be said to have either actual or constructive knowledge of it yet did nothing to end the
7   practice." *See Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989).

8   In this case, Plaintiff has alleged sufficient facts suggesting that widespread policy of
9   racial animus existed in the Phoenix Police Department and that management was aware and
10  did nothing to end the improper conduct. (*See generally* Dkt. # 60.) In her FAC, Plaintiff
11  contends that there was a "custom, practice, and policy" of racist activity in the Phoenix
12  Police Department that the Department refused to address. (*Id.* at ¶ 50.) She also alleges that
13  she was "unable to perform her usual and customary supervisory duties because of the
14  actions of employees in the department and the inaction of her supervision." (*Id.* at ¶ 5.) She
15  then alleges that the Department's "solution to the Plaintiff's problem [of alleged harassment]
16  was to 'yell back.'" (*Id.* at ¶ 22.) The FAC also alleges that Plaintiff's inferior and superior
17  officers made "a concerted effort . . . to discredit" Plaintiff after she complained of
18  discrimination. (*Id.* at ¶ 32.) Finally, the FAC indicates that Plaintiff's supervisors
19  acknowledged the problem but did nothing. (*See Id.* at ¶ 39.) Taking these facts as true, the
20  Court finds that Plaintiff has pled sufficient facts to "allow[] the [C]ourt to draw the
21  reasonable inference," *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), that Defendant
22  had "actual or constructive knowledge" of a discriminatory practice or policy "yet did
23  nothing to end the practice." *See Bordanaro*, 871 F.2d at 1156.

24  Furthermore, after Plaintiff's Fourth Amended Complaint, the Court specifically
25  observed that Plaintiff "include[d] sufficient allegations in her Third Amended Complaint
26  to plead a § 1981 claim based upon a custom of race-based harassment." (*See* Dkt. ## 34 at
27  ¶ 21; 74 at 2.) The Court's August 2009 Order further noted that Plaintiff's Fourth Amended
28  Complaint was deficient because it did not "include[] the technical language necessary to

1 properly allege this claim. . . ." (Dkt. # 74 at 2.) Accordingly, Plaintiff was given leave to cure this deficiency, and she has done so in her FAC.

## II. Defendant's Motion to Strike is Granted.

Defendant also argues that the FAC fails to comply with the Court's August 2009 Order because Plaintiff failed to remove allegations from her Fourth Amended Complaint that were not contained in the Third Amended Complaint. (*See* Dkt. ## 74 at 4; 76 at 4.) In its Motion to Dismiss, Defendant argues that Paragraph 25[1] of the FAC should be stricken because it contains allegations that were not in the Third Amended Complaint. Defendants argue that while the "Third Amended Complaint alleged that [Officer] Pinuelas yelled at [Plaintiff] twice," the Fourth Amended Complaint and the FAC allege that Officer Pinuelas "yelled and exercised his inappropriate behavior from January 29, 2002[] to November 2004." (Dkt. # 75 at ¶ 25.)

In its pervious Order, the Court specifically directed Plaintiff to revise this paragraph "to eliminate allegations beyond those made in the Third Amended Complaint." (Dkt. # 74 at 4.) In her Third Amended Complaint, however, Plaintiff did not raise the specific allegations raised here. Additionally, Plaintiff does not contest that she failed to comply with the August Order by retaining the allegations contained in Paragraph 25. Therefore, Paragraph 25 of the Amended Complaint is stricken from the FAC.

## III. Plaintiff's Request for Leave to Amend Is Denied.

In her response, Plaintiff again requests leave to reassert a claim under 28 U.S.C. § 1983. (Dkt. # 77 at 5.) Without citing legal authority, Plaintiff appears to contend that her § 1981 claim necessarily requires an accompanying § 1983 claim. (*See id.*) While municipal liability under § 1981 includes many of the same elements required to prove municipal liability under § 1983, the Court is unaware of any Ninth Circuit authority for Plaintiff's assertion that her § 1981 claim requires a concurrent § 1983 claim. *See Pittman v. Or. Employment Dept.*, 509 F.3d 1065, 1067 (9th Cir. 2003) (observing that in the Ninth Circuit,

---

[1] In the Fourth Amended Complaint, this was paragraph 26.

"§ 1981 contains a [private] right of action against municipalities") (citing *Oakland*, 96 F.3d at 1204);[2] *cf. Russell v. City of Reno*, 289 F. App'x 996, 998 (9th Cir. 2008) (reversing grant of summary judgment in favor of a municipality with respect to a plaintiff's § 1981 claim and allowing the claim to go forward even though a concurrent § 1983 claim had been dismissed). In addition, Plaintiff, expressly abandoned her § 1983 claim in response to a previous motion to dismiss filed by Defendant. (*See* Dkt. # 39 at 12.) Therefore, as the Court made clear in it's previous Order (Dkt. # 74 at 3 n. 1), Plaintiff's § 1983 claim has been dismissed with prejudice, and she may not amend her complaint to reassert that claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 76) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Paragraph 25 of the FAC (Dkt. # 76 at 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend (Dkt. # 77 at 5) is **DENIED**.

DATED this 8th day of December, 2009.

_____
G. Murray Snow
United States District Judge

---

[2]The Court in *Pittman* did observe, however, that "[a]ll of the other circuits to reach the question have held that . . . there is . . . no cause of action against municipalities" under § 1981. 509 F.3d at 1069. Instead, those circuits use § 1983 as a vehicle whereby an individual can assert their § 1981 rights against municipal actors. *See, e.g.*, *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n. 1 (4th Cir. 1995). Nonetheless, while the Ninth Circuit's approach may differ from that of the other circuits, the practical result is the same since this circuit still requires a plaintiff to show a policy, custom, or practice to prove § 1981 liability against a municipal actor.